UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -

ANDRE NELSON,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CR-424 (PKC)

PAMELA K. CHEN, United States District Judge:

Pending before the Court is the United States Probation Department's ("Probation Department") request for early termination of Defendant Andre Nelson's ten-year supervised release term, of which he has served approximately 55 months. (U.S. Probation Department Report on Offender Under Supervision, dated Dec. 3, 2021 ("Report"), Dkt. 4; Government's Letter, dated Dec. 29, 2021 ("Opp."), Dkt. 5, at 1.) For the reasons stated herein, the Court grants that request. Defendant Nelson's probation is hereby terminated.

**I.    Legal Standard**

Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony[,] if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c); *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015). In making this determination, the Court must consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3564(c). It is well-established that mere compliance with the terms of probation and the law is insufficient to justify termination. *See Rusin*, 105 F. Supp. 3d at 292 ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *see also United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) ("A defendant's faithful

1

compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. Rather, full compliance with the terms of supervised release is what is expected of the defendant and does not warrant early termination. In addition, obtaining productive employment, while laudable, does not justify the termination of supervision." (internal quotation marks, brackets, alteration, and citations omitted)). Probation should only be terminated "when general punishment goals would be better served by a modification." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).

### II.     Early Termination of Probation is Warranted

Recognizing the demanding standard that applies to such requests, the Court nonetheless finds that early termination of Defendant Nelson's supervised release term is warranted in this case. In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as dictated by 18 U.S.C. § 3564(c), as well as the unusual circumstances of Defendant's case. Furthermore, although a defendant "is not entitled to early termination simply because he has successfully served a portion of his supervised release term," *United States v. Melvey*, No. 07-CR-55 (ADS), 2018 WL 6624193, at *2 (E.D.N.Y. Dec. 18, 2018)—because that does not establish "[e]xceptionally good behavior" so as to make the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general punishment goals—exceptionally good behavior is not the only basis for granting early termination, *Lussier*, 104 F.3d at 36. (*See* Report, Dkt. 4, at 2 (citing May 12, 2009 memorandum of the Judicial Conference Criminal Committee and the Administrative Office of the U.S. Courts, which states that "exceptional conduct" is not required to justify early termination.))[1] Rather, as the Probation

---

[1] The Probation Department also identifies the nine non-binding criteria that the Judicial Conference has endorsed for courts to use in deciding whether to grant early termination of

2

Department argues, the Court must "simply be satisfied that the termination is warranted and is in the interest of justice." (*Id*.)

Here, the Court is satisfied that early termination is warranted and in the interest of justice. First, the Court finds that the nature and circumstances of Defendant's offense, and the need for his sentence to adequately deter criminal conduct by him and others, as well as protect the public from harm by Defendant, all support early termination of his supervised release term. 18 U.S.C. § 3553(a). Defendant was convicted in 1998 at the age of 30 of participating in a large-scale drug trafficking conspiracy. Defendant sold crack cocaine as part of the conspiracy, and although he carried a firearm, there is no indication in the Presentence Report that he had engaged in any violence or that any aggravating factors applied to his criminal conduct. (Presentence Report ("PSR"), Dkt. 4-1, ¶¶ 144–146.) Based on his prior convictions for drug dealing, Defendant was sentenced to a (mandatory) life term "to be followed by a ten-year term of supervised release." (Response, Dkt. 5, at 1; *see* PSR, Dkt. 4-1, ¶ 199.) But, in January 2017, President Barack Obama granted Defendant clemency, after Defendant had served approximately 20 years of his sentence. (Response, Dkt. 5, at 1.) Since his release from prison, Defendant has not re-offended and has, *inter alia*, "seemingly exceeded all goals of supervision." (Report, Dkt. 4, at 2.) The Probation Department has assessed him as being at a "Low Moderate-1" risk of recidivism and supervises him in its Low Intensity Supervision Unit. (*Id*.) Defendant is now 54 years old (PSR, Dkt. 4-1, at 2) and confined to a wheelchair due to car accident that preceded his arrest in this case (Report, Dkt. 4, at 2; PSR, Dkt. 4-1, ¶ 175). Application of the sentencing factors does not justify Defendant serving a longer term of supervised release than he already has. Indeed, it is notable that although

---

probation or supervised release. The Court has considered these as well as the § 3553(a) sentencing factors.

3

Defendant's life sentence effectively was commuted to a 20-year sentence, his ten-year supervised release term was not similarly or proportionally reduced. The Court now finds that it is in the interest of justice to do so.

Second, the Probation Department's description of Defendant's adjustment and performance during his 54-plus months of supervised release shows that virtually all of the nine non-binding criteria recommended by the Judicial Conference also favor early termination, *i.e.*, "stable community reintegration"; "progressive strides toward supervision objections and in compliance with all conditions of supervision"; "no history of violence"; "no recent arrests or convictions"; "no recent evidence of alcohol or drug abuse"; "no recent psychiatric episodes"; "no identifiable risk to the safety of any identifiable victim"; and "no identifiable risk to public safety." (Report, Dkt. 4, at 2 & n.2.)

Finally, the Court places great weight on the fact that the Probation Department, which is in the best position to assess Defendant's adjustment to supervision to date, his potential for recidivism, and the need (or lack thereof) for continued supervision, has initiated this request and recommends early termination. The Court finds that the Probation Department's recommendation deserves deference in this case. *See United States v. Noel*, 18-CR-60 (PKC), 2021 WL 4033769 (E.D.N.Y. Sept. 3, 2021), at *2 (noting Probation Department's support of Defendant's application for early termination in granting that request).

Thus, the Court finds that "general punishment goals would be better served," *Lussier*, 104 F.3d at 35, by the early termination of Defendant Nelson's ten-year supervised release term.

## CONCLUSION

The Probation Department's request for early termination of Defendant Andre Nelson's supervised release term is granted, and his supervised release is hereby terminated.

5

                                        SO ORDERED.

                                        */s/ Pamela K. Chen*
                                        Pamela K. Chen
                                        United States District Judge

Dated: January 13, 2022
       Brooklyn, New York